ORIGINAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

Andres Bryan,

               Plaintiff,

  -against-

The City of New York, Assistant District

Attorney Barbara Hutter, and Moraima Reyes,

et al.

Individually and in their official capacities,

               Defendants.

----------------------------------------------------------X

ROSS, J.

BLOOM, M.J.

Civil Action No.

CV 10- 5640

Complaint

To the above-mentioned defendants:

1) Plaintiff **Andres Bryan**, pro se, for his complaint states the following:

2) Plaintiff **Andres Bryan** was confined under **Indictment #05863/07** in the following prison institutions: the "Tombs" which is the colloquial name for the Manhattan Detention Center at 125 White Street, and at "Rikers Island" located at Hazen Street, Elmhurst, New York for a period of three months. Plaintiff **Andres Bryan** was at the time living at 520 west 156th Street, New York, and NY. The plaintiff's current address is 175 Irving Avenue, Brooklyn, NY 11237, and the apartment number is 1A.

3) Plaintiff **Andres Bryan** is (herein, the plaintiff), and was at all times mentioned herein, an adult citizen of the United States and a resident of the state of New York.

4) Defendant ADA **Barbara Hutter** (herein, the defendant), was at all relevant times herein an assistant district attorney working in the county of New York.

5) Defendant **Moraima Reyes**, was at all relevant times herein a complainant on the underlying **Indictment No. 05863/07**.

RECEIVED DEC - 6 2010 PRO SE OFFICE

1

6) Defendant City of New York is and was at all relevant times herein a municipal corporation of the State of New York.

7) This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Eight and fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

8) This cause of action arose in the Eastern District of New York. Therefore, venue is proper under 28 U.S.C. sections 1391(b).

9) Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

10) Plaintiff **Andres Bryan**, re-allege and incorporate by reference paragraphs [1 through 10] herein.

11) At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiffs of his constitutional rights, as set forth more fully below.

12) On or about September 8, 2007, the plaintiff was accused by a **Ms. Moraima Reyes** (herein, the complainant), with allegations that the plaintiff had physically abused her at approximately 8:00pm.

13) The police visited the plaintiffs home address at 520 west 156th Street, apartment 1A, at 7:00am on September 10, 2007. The plaintiff was taken to a police precinct on west 170th Street.

14) The plaintiff was arrested and processed at the Central Booking Detention Center.

15) The plaintiff was then produced in front of a judge at the courthouse on 100 Centre Street. The judge set a bail of $10,000 dollars.

16) The plaintiff then gave power of attorney to a friend empowering him to withdraw money from his account in order to posts a bail.

17) The bail was posted from Spartan Bail Bonds Inc., located at 81 Baxter Street New York, NY 10013.

18) The plaintiff then returned to his job and encountered no further problems. The plaintiff obeyed the courts regulations regarding Index #05863/07, Lower Court #2007NY085216, arrest #MO7697417, filed on November 30, 2007.

19) The plaintiff was freed on bail until December 06, 2007. At approximately 7:00am the police visited my house at 625 West 156th Street, the same detective entered the room that I was renting from Aldo Soto Longo. I asked the detective, "Good morning, what brings you here today?" I was told to accompany him to the police department. I ask them, "why? I was still out on bail." The police answered that they were aware that I was still on bail. They then proceeded to handcuff the plaintiff.

20) The plaintiff was taken to a police precinct located at 170 West Amsterdam Ave. At the precinct the police questioned the plaintiff regarding any contact made and whether or not I had spoken to the complainant.

21) The plaintiff was then taken to the Criminal Court on Centre Street for the second time, and processed again.

22) The plaintiff was represented by a legal aide attorney Douglas Lyons Esq.

23) The plaintiff was relieved from any obligation or responsibility concerning his bail on December 20, 2007, in part AA70 before **Judge R. Carruthers**. The $10,000 dollar bail was exonerated (see exhibit, certificate of disposition No. 21383).

24) The Court proceeded to impose another bail in the amount of $7,500.00.

25) The plaintiff appeared in front of the Grand Jury in an attempt to defend himself on December 11, 2007.

26) The charges stemmed from an accusation made condemning the plaintiff of giving his friend, a third party: Mr. Rafael Ramirez, an order to contact the complainant, in regard to the case resulting in the plaintiffs' first arrest. If this was the case, the plaintiff would have violated the order of protection issued by the court.

27) The order of protection was issued on November 15, 2007, before **Judge Evelyn Laporte (Case No. 2007 NY 085216)**.

28) As of this date the plaintiff has not recovered his collateral bail from Spartans Bail Bonds. The company has refused to release my money even after being exonerated on

March 05, 2010 (Criminal Case # 3657/09). I was imprisoned in Rikers Island for three months (see exhibit: copies of criminal case).

29) During these dates that the plaintiff was imprisoned I was once again brought to the court and the court imposed yet another bail upon my person. The bail was set in the amount of $8,240.00 (see exhibit: case #0586).

30) The plaintiff chronological arrest began on November 08, 2007, arraigned in Supreme Court on December 20th, 2007. This was an incredible injustice done to the plaintiff. The plaintiff has suffered emotional and physical harm, deprived of his liberty, his privacy was violated, and his New York State and United States constitutional rights violated.

31) The plaintiff plans to produce evidence in this court of law that will include, but not limited to a tape recording, photographic proof and a computer electronic chip that will assist in proving his case.

Plaintiff declares that due to the assistant district attorney's continued manipulations of the court and her unrelenting pursuit in trying to obtain a conviction against my person, herein violating my constitutional rights. The plaintiff alleges that after his arrest and arraignment the defendants imposed varying amounts of bails that were set which were excessive and discriminatory. The plaintiff was kept imprisoned for a period of three months. The plaintiff obeyed the court's order of protection and all restrictions imposed at all times. The defendants continued to enlarge and extend the case in hopes of obtaining phantom evidence that did not exist. The plaintiff was deprived of his liberty from 3/18/08 until 2/17/10 when his case was finally dismissed. The plaintiff is herein requesting an order declaring that the defendants have acted in violation of the United States Constitution and he respectfully request $ _____ as compensatory damages.

Signed this 12/06/10 day of October ___, 2010.

_ANDRES BRYAN_

**Andres Bryan**

175 IRVING AVE # 1A
BROOKLYN N YORK
ZIP 11237

TE 1917 3650206

4